## MATTER OF TAUSINGA

### In Deportation Proceedings

### A–22450962

*Decided by Board June 6, 1979*

(1) A respondent, seeking to adjust her status as a nonpreference immigrant exempt from the labor certification requirements of section 212(a)(14) of the Immigration and Nationality Act, 8 U. S.C. 1182(a)(14), must establish that she does not intend to enter the labor market in the United States and that she will not have to seek employment in the foreseeable future.

(2) An alien's age and health, her financial status and that of her supporting family, and the closeness of the family relationship, are all relevant to whether an aged, handicapped, or otherwise dependent relative who is a member of the household of a United States citizen or a lawful permanent resident may be able to establish exemption from the labor certification requirements of section 212(a)(14).

(3) Where a person is of an age or physical condition which would not preclude working, there is a presumption that employment will occur and the burden will be on the respondent to overcome this presumption.

(4) As the respondent—a widow without independent means, living with her married son, and dependent upon his earnings and those of her daughter-in-law—who is in good health and employable for years to come, failed to overcome presumption that employment will occur, the application for adjustment of status was properly denied based on her failure to establish an exemption from the labor certification requirements of section 212(a)(14) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer

ON BEHALF OF RESPONDENT: Donald L. Ungar, Esquire
515 Washington Street, #302
San Francisco, California 94111

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from a decision of an immigration judge, dated October 27, 1978, finding her deportable as charged, denying her application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, and granting her the privilege of voluntary departure. The appeal will be dismissed.

The respondent, a widow, is a 56-year-old native and citizen of Tonga.

She was admitted to the United States as a nonimmigrant visitor in 1975, and lived with her daughter and son-in-law until August 1976 when her daughter became "mad" at her because she would not convert to her daughter's religion. She then moved into her son's apartment and lived with him, his wife, and their child. In May 1977, the District Director denied the respondent's application for status as a permanent resident. In August 1978 an Order to Show Cause was issued charging the respondent with being deportable under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), as an "overstayed" visitor.

At the deportation proceeding held in October 1978, the respondent conceded deportability, but applied for adjustment of status as a non-preference immigrant exempt from the labor certification requirements of section 212(a)(14) of the Act as one not entering the United States for the purpose of performing skilled or unskilled labor. In support of this position, the respondent indicated that her son and daughter-in-law were providing virtually all of her support. Her son held two jobs and worked some 80 hours a week and his wife worked full time. The respondent shared their one-bedroom apartment and helped care for her grandchild. The respondent's son testified at that time it was not hard for him to support his mother as well as his family. He also stated that he did not think his mother would get a job because she was "too old" and not capable of finding employment.

Although the respondent stated that she had never previously worked, the immigration judge found that she was in good health and potentially employable. He also expressed doubts as to how long the respondent's son could continue with his present working hours and continue providing for the full support of his mother. Analogizing the facts in this case to those in issue in *Matter of Fulgencio*, Interim Decision 2588 (BIA 1977), the immigration judge concluded that the respondent had failed to meet her burden of establishing that she would not perform skilled or unskilled labor in the United States. He, therefore, determined that she was neither exempt from the labor certification requirements of section 212(a)(14), nor presently eligible for adjustment of status under section 245.

On appeal, the respondent, through counsel, states that the rationale underlying the decision in *Matter of Fulgencio, supra,* is inapplicable here. Counsel submits that the fact that the respondent was married in *Fulgencio* and, if admitted, could have sought to bring her husband to the United States (also without a labor certification) was the principal reason for denying adjustment to that respondent. Because the respondent here is a widow, it is urged that adjustment should be granted.

The fact that the respondent in *Fulgencio* was married was a consideration in the resolution of that case. Of more significance, however, was the fact that the respondent therein failed to establish that *she*